*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re STECKLING, Minors.

UNPUBLISHED
February 24, 2022

No. 358407
St. Clair Circuit Court
Family Division
LC No. 21-000098-NA

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

PER CURIAM.

Respondent-father[1] appeals as of right the order of disposition granting the trial court temporary jurisdiction over his minor children, MS1 and MS2, under MCL 712A.2(b)(1) and (2). On appeal, respondent argues that the trial court erred in taking jurisdiction over his minor children because MCL 712A.18f(4) was not satisfied by clear and convincing evidence; he also criticizes the court's acceptance of his plea and implies that the trial court violated his right to appear in person. We affirm.

## I. BACKGROUND

This case commenced when petitioner, the Department of Health and Human Services (DHHS), filed a petition in St. Clair Circuit Court requesting that the trial court take jurisdiction over MS1 and MS2 under MCL 712A.2(b)(1) and (2), and enter an order removing MS1 and MS2 from the mother's home, where they were living at that time. The petition alleged that respondent had been arrested for outstanding warrants and an assault perpetrated in the parking lot while the children were inside the home, he failed to pay child support, he lacked adequate housing, he had no source of income, he did not check on the children's welfare when they were staying with a maternal grandmother, and he failed to visit with MS1 since May 2021 or rectify circumstances that caused suspension of his parenting time with MS2. The petition also noted that reasonable efforts had been made to prevent the children's removal and that it was contrary to the children's welfare to remain in the mother's home because of the mother's drug use, ongoing eviction, and expressed lack of desire to care for the children, and because of respondent's failure to attend

---

[1] The children's mother is not a party to this appeal.

supervised visiting time for MS1 or to correct conditions that led to the suspension of his parenting time with MS2.

The same day the petition was filed, a preliminary hearing was held before a referee. Neither respondent nor the mother were present at this hearing. A DHHS employee testified that he attempted to contact respondent through multiple phone numbers and through respondent's known address, but he was unsuccessful. The employee also stated that reasonable efforts had been made to prevent the children's removal. Counsel for respondent was present and acknowledged receiving a copy of the petition. Respondent's counsel then waived a formal reading of the petition and stipulated to probable cause.

The referee concluded that reasonable efforts had been made to prevent removal and the allegations were sufficient to provide probable cause to authorize the petition. The referee also determined that no arrangement short of removal was available to adequately safeguard the children, that placement with the parents posed a substantial risk of harm to the children, and that it was contrary to the children's welfare to remain in the parental home. The referee recommended placement with the children's maternal grandmother to protect their wellbeing. The trial court entered an order authorizing the petition, placing the children under petitioner's care and supervision, and granting the mother and respondent supervised parenting time until further order of the court.

At a later pretrial hearing, also before a referee, respondent was present via Zoom and represented by counsel. Respondent's counsel stated that she and respondent had reviewed the petition's allegations and respondent would admit the petition's allegations as true. After verifying that respondent was aware of the consequences of admitting to the petition's allegations, the referee accepted the plea and took jurisdiction over MS1 and MS2. The trial court entered an order confirming its jurisdiction over MS1 and MS2 and requiring the children to remain under petitioner's care and supervision and respondent to comply with and benefit from the case service plan. Respondent thereafter filed the instant appeal.

## II. STANDARD OF REVIEW

"To acquire jurisdiction, the factfinder must determine by a preponderance of the evidence that the child comes within the statutory requirements of MCL 712A.2." *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020) (quotation omitted). This Court reviews a lower court's determination of jurisdiction "for clear error in light of the court's finding of fact." *Id*. (quotation omitted). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (quotation omitted).

## III. ANALYSIS

Respondent argues that the trial court erred in taking jurisdiction over his minor children because he appeared not to fully understand his admission at the pretrial hearing, and therefore MCL 712A.18f(4) was not satisfied by clear and convincing evidence. We disagree.

A court may acquire jurisdiction when "[a] child comes within the statutory requirements of MCL 712A.2." *In re Kellogg*, 331 Mich App at 253 (quotation omitted). Pursuant to MCL 712A.18f(4):

> Before the court enters an order of disposition, the court shall consider the case service plan; any written or oral information offered concerning the child from the child's parent, guardian, custodian, foster parent, child caring institution, relative with whom the child is placed, lawyer-guardian ad litem, attorney, or guardian ad litem; and any other evidence offered, including the appropriateness of parenting time, which information or evidence bears on the disposition. The order of disposition shall state whether reasonable efforts have been made to prevent the child's removal from his or her home or to rectify the conditions that caused the child's removal from his or her home. The court may order compliance with all or any part of the case service plan as the court considers necessary.

"In practice, MCL 712A.18f(4) describes the process by which a family court can enter a dispositional order that provides a child with appropriate care *after* the family court has determined that the child comes within its jurisdiction." *In re AMB*, 248 Mich App 144, 176; 640 NW2d 262 (2001) (emphasis in original). In other words, MCL 712A.18f(4) has nothing to do with the trial court's assessment of jurisdiction.[2]

To the minimal extent plaintiff argues that the trial court erred by failing to "tak[e] more time to make sure that respondent completely understood what was going on," we disagree. Respondent's admission was part of the following exchange:

> *THE COURT.* Okay. And, Ms. Easter [counsel for respondent], have you had an opportunity to review the allegations in the petition with Mr. Steckling?
>
> *MS. EASTER.* Yes. We have reviewed the allegations; at this point he's going to waive probable cause to have a hearing. He's going to admit that those allegations are true as to the petition and we'll waive a formal reading.
>
> *THE COURT.* Mr. Steckling, do you understand that if you admit to the petition, you're giving up your right to have this matter proceed to a trial? So, you are giving up the following trial rights: The right to have the matter proceed to a trial in front of either a Judge, jury or referee. The right to have the petitioner prove the allegations in the petition by a preponderance of the evidence. Further, to have witnesses appear and testify under oath at the trial. The right to cross-examine witnesses. The right to have the Court subpoena any witnesses you believe can

---

[2] Furthermore, the record shows that the trial court did comply with the requirements of MCL 712A.18f(4). At the preliminary hearing, based on testimony regarding ongoing Child Protective Services investigations, drug screenings, various services offered, and a St. Clair County resource guide, the referee found that reasonable efforts had been made to prevent removal. The referee found the same at respondent's pretrial hearing, and the order of disposition itself also expressly sets forth some of the reasonable efforts that had been made.

give testimony in your favor. If you enter -- if you admit to the petition you're not having a trial so you're giving up those trial rights, do you understand that, sir?

Try again, that didn't come through.

*RESPONDENT*. Yes.

*THE COURT*. Thank you. Also, I need to advise you that if you enter a plea the Court will take jurisdiction of your children and you would be subject to orders of the Court. Further, your plea could later be used as evidence in a proceeding to terminate parental rights if your reunification was not successful. If your parental rights are subsequently terminated any child support obligation you have could continue until a Court of competent jurisdiction modified or terminated the obligation if your children were emancipated or adopted.

Any questions about any of that, Mr. Steckling?

*RESPONDENT*. No.

*THE COURT*. Okay. Has anyone promised you anything in order to get you to admit to the petition?

*RESPONDENT*. No.

*THE COURT*. Has anyone threatened you in any way to get you to admit to the petition?

*RESPONDENT*. No.

*THE COURT*. Are you under the influence of any substance or are you suffering from any condition that would affect or impair your ability to understand the nature of these proceedings?

*RESPONDENT*. No, ma'am.

*THE COURT*. Then are you admitting to the petition because the allegations contained therein are true as they relate to you?

*RESPONDENT*. I don't know. I don't know what that means.

*THE COURT*. Okay. So, Ms. Easter went through the petition with you, correct?

*RESPONDENT*. Not word for word.

*THE COURT*. Okay.

*MS. EASTER*. May I intervene for a moment?

*THE COURT.*  Yes.

*MS. EASTER.*  So, Mr. Steckling, those allegations that I read off to you one by one, you would agree that those are true as it pertains to you?

*RESPONDENT.*  Yeah.

*THE COURT.*  Okay.  Do you understand the question, Mr. Steckling?  Do you understand?

*RESPONDENT.*  Yes.

*THE COURT.*  Okay.  Ms. Kelly [guardian ad litem], are you in agreement with the Court assuming temporary jurisdiction as it pertains to Mr. Steckling?

*MS. KELLY.*  Yes.

*THE COURT.*  The Court will then find that his plea is knowingly, understandingly and voluntarily made.  That it is an accurate plea, I will accept the plea and take jurisdiction of the minors.

As the above exchange reflects, respondent apparently did not immediately understand one of the questions asked by the trial court, but upon clarification from his attorney, respondent plainly understood the substance of the trial court's question.  In other words, respondent at most did not understand the manner in which the trial court asked the question.  Respondent's acknowledgment of the truth of the allegations in the petition was clearly knowing and intelligent.  No other confusion is apparent from the record.

Finally, respondent remarks, without further elaboration, "Respondent did not waive his right to appear in person."  Respondent offers neither authority nor argument premised on that statement.  In his conclusion and request for relief, respondent only cites his contention that "it was not clear that respondent understood what he was agreeing to."  Nothing in the record suggests that respondent ever objected to holding the pretrial hearing over Zoom, and even on appeal, respondent does not actually argue that his absence from the preliminary hearing or his participation in the pretrial hearing by Zoom caused him any prejudice or provides any basis for reversal.  A party on appeal must provide some argument in support of a claim.  *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).  Here, respondent has not even articulated a claim, much less an argument beyond mere commentary.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Thomas C. Cameron